**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------- X
DENNIS CURRIE,

    Plaintiff,

v.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA and the
BEAR STEARNS COMPANIES,
INC. LONG TERM DISABILITY
PLAN (or successors in interest),

    Defendants.
------------------------------------------------------- X

Case No. CV-09-3563 (SJF)

**ANSWER**

    COMES NOW The Prudential Insurance Company of America ("Prudential") and Bear Stearns Companies, Inc. Long term Disability Plan (or the "Plan"), Defendants herein, and answer Plaintiff's Complaint (the "Complaint") as follows.

    1.    The allegations contained in Paragraph 1 of the Complaint are admitted.

    2.    Defendants lack information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 2 of the Complaint.

    3.    Defendants admit Prudential is a New Jersey corporation which maintains an office at 751 Broad Street, Newark, New Jersey 07102.

    4.    Defendants admit that Plaintiff worked for Bear Stearns in Manhattan. Defendants lack information sufficient to form a belief as to the remaining allegations contained in Paragraph 4 of the Complaint.

    5.    Defendants admit JP Morgan Chase acquired Bear Stearns.

    6.    Defendants deny the allegations contained in Paragraph 6 of the Complaint.

    7.    Defendants admit Plaintiff participated in the Plan.

8. Defendants admit the Plan is an employee welfare benefit plan within the meaning of ERISA.

9. Defendants admit Plaintiff purports to sue pursuant to 29 U.S.C. §1132(a)(1)(B0 and (d)(2), but denies that Plaintiff is entitled to any recovery.

10. Defendants admit that jurisdiction and venue are proper in the United States District Court for the Eastern District of New York.

11. Defendants admit they are subject to personal jurisdiction in this Court.

12. The allegations contained in Paragraph 12 of the Complaint are admitted.

13. Defendants admit that the language quoted in Paragraph 13 of the Complaint is contained in the Policy. Defendants further states that the Policy contains additional criteria that must be met before an insured is deemed disabled.

14. Defendants admit there is a 180-day elimination period. Defendants further states that the Policy contains additional criteria that must be met before an insured is deemed disabled.

15. Defendants admit Plaintiff's benefit, assuming she qualifies, would be subject to a Social Security offset as well as any other applicable offset as set forth in the plan/contract, which speaks for itself. The amount of the benefit is calculated pursuant to the Plan terms. Any remaining allegations contained in Paragraph 15 of the Complaint are denied.

16. Defendants admit that the "Maximum Monthly Benefit" under the LTD Group Plan is $3,500.00 per month. Defendants further admit that Plaintiff has a Supplemental Long Term Disability plan. Defendants deny the remaining allegations contained in Paragraph 16 of the Complaint.

17. The allegations contained in Paragraph 17 of the Complaint are denied.

18. Defendants admit Plaintiff received disability benefits, and that continuing

benefits were denied in or around December of 2008.

19. Defendants admit Plaintiff sent a written communication to Prudential on or about April 17, 2009.

20. Defendants admit that Prudential produced documents to Plaintiff.

21. The allegations contained in Paragraph 21 of the Complaint are admitted.

22. Defendants admit Plaintiff submitted an appeal on or about June 22, 2009.

23. Defendants admit that the administrative record speaks for itself regarding the dates of communications between Plaintiff and Prudential.

24. Defendants deny that Plaintiff has actually exhausted all of the Plan's administrative remedies.

25. Defendants admit an insurer, such as Prudential, has an inherent conflict, but denies such conflict was relevant to the denial of Plaintiff's claim.

26. The allegations contained in Paragraph 26 of the Complaint are denied.

27. The allegations contained in Paragraph 27 of the Complaint are denied.

28. The allegations contained in Paragraph 28 of the Complaint are denied.

29. The allegations contained in Paragraph 29 of the Complaint are denied.

30. The allegations contained in Paragraph 30 of the Complaint are denied.

31. The allegations contained in Paragraph 31 of the Complaint are denied.

32. The allegations contained in Paragraph 32 of the Complaint are denied.

33. The allegations contained in Paragraph 33 of the Complaint are denied.

34. The allegations contained in Paragraph 34 of the Complaint are denied.

Answering the allegations contained in the "Wherefore" section of the Complaint, including subparagraphs (a) through (f) thereunder, Defendants deny that Plaintiff is entitled to

judgment or any relief.

Any allegations contained in the Complaint that Defendants have not specifically admitted above are hereby denied.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as a result of his failure to satisfy the Plan's terms.

### THIRD AFFIRMATIVE DEFENSE

Any state law claims asserted by Plaintiff are preempted by ERISA.

### FOURTH AFFIRMATIVE DEFENSE

Prudential has discretion to interpret the Plan, make eligibility determinations under the Plan, and to make any and all factual determinations under the Plan.  Prudential's determinations under the Plan are entitled to deference.  Prudential properly exercised its discretion in considering Plaintiff's claim.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the Plan's limitations on benefits payable for certain types of disabilities.

### SIXTH AFFIRMATIVE DEFENSE

Any benefits due under the Plan are subject to offset, integration or other deductions or adjustments in accordance with the Plan terms.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is limited to the evidence and arguments presented during the administrative process.

EIGHTH AFFIRMATIVE DEFENSE

There is no vesting of benefits under the Plan, and thus Plaintiff may not recover the benefits for any future period of disability, but rather must provide periodic proof of any alleged continuing disability.

NINTH AFFIRMATIVE DEFENSE

A remand is, or may be, appropriate to allow completion of all administrative remedies.

WHEREFORE, having fully answered the Complaint, Defendants request that the Court dismiss the same and enter an order awarding Defendants costs, attorney fees pursuant to 29 U.S.C. § 1132(g), and such other relief as the Court deems proper.

Dated: New York, New York
October 8, 2009

Respectfully submitted,

　　/s/ Christina Spiller
Christina Spiller, Esq.
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
Tel.: (212) 210-9400

*Attorneys for Defendants The Prudential Insurance Company of America and the Bear Stearns Companies, Inc. Long Term Disability Plan*